NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMIN WILLIAM PEREZ LAZO, <br><br> Petitioner, <br><br> v. <br><br> JONATHAN FLORENTINO, *et al.*, <br><br> Respondents. | Civil Action No. 25-18952 (GC) <br><br> **MEMORANDUM & ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on the filing of a counseled status report (Request) by Petitioner Normin William Perez Lazo.[1] (ECF No. 5.) In this Request, Petitioner challenges the fundamental fairness of a bond hearing that Respondents provided to Petitioner pursuant to this Court's December 24, 2025 Text Order (ECF No. 2). According to his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 1241 (Petition), Petitioner is currently being held in immigration detention at the Delaney Hall Detention Facility ("Delaney Hall") in Newark, New Jersey. (ECF No. 1 ¶ 26.) For the reasons stated below, Petitioner's Request is **GRANTED**.

Petitioner filed his Petition on December 23, 2025 (ECF No. 1), and, on December 24, 2025, the Court entered the following Text Order:

> TEXT ORDER: This matter is before the Court on Petitioner's petition (Petition) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) According to Petitioner, Respondents are

---

[1] Petitioner names as Respondents (in their official capacities): Jonathan Florentino, U.S. Immigration and Customs Enforcement ("ICE") Field Office Director for the ICE Newark Field Office; Todd M. Lyons, Acting Director of ICE; the Warden of Delaney Halll; and Kristi Noem, the then-Secretary of Homeland Security ("DHS"). (ECF No. 1 at 1, ¶¶ 18-22.)

presently detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b), pursuant to the decision of the Board of Immigration Appeals [*In Matter of Yajure Hurtado*], 29 I. & N. Dec. 216 (BIA 2025). (ECF No. 1 [¶] 62.) Under this Court's recent decision in *Chen v. Soto,* No. 25-17198, 2025 WL 3527239 (D.N.J. Dec. 9, 2025), the Court holds that Petitioner is subject to detention under 8 U.S.C. § 1226(a), which requires an opportunity to seek bond, id. at *2-4. Specifically, it appears that, inter alia: (1) on or about May 28, 2022, Petitioner and his family entered the United States and has resided in the country with his family since 2022; (2) Petitioner was never placed in expedited removal under 8 U.S.C. § 1225(b)(1); (3) Petitioner does not have a criminal record; and (4) on or about December 21, 2025, in the interior of the United States, Petitioner was arrested at a routine U.S. Immigration and Customs Enforcement check-in. (ECF No. 1 [¶¶] 24-25, 28, 58, 60.) Based on these alleged facts, *Chen* controls this present matter. *Chen,* 2025 WL 3527239, at *4. **In accordance with 8 U.S.C. § 1226(a), within seven (7) days of the date of entry of this Text Order, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge who shall assess whether he presents a flight risk or a danger to the community. Within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court. The Petitioner shall not be transferred from the District of New Jersey, and shall not be removed from the United States, pending further order of this Court.** If Respondents contend that *Chen* does not control, they shall file an expedited answer within five (5) days of the date of entry of this Text Order, and Petitioner may file a reply within three (3) days of the date of filing of Respondents' expedited answer. Finally, the Clerk of the Court shall forward a copy of the Petition ([ECF] No. 1), the attached document[s] ([ECF] Nos. 1-1 through 1-4), and this Text Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov. So Ordered by Judge Georgette Castner on 12/24/202525. (jmh) (Entered: 12/24/2025)

(ECF No. 2.)

On January 2, 2026, Respondents reported that Petitioner was provided a bond hearing before Immigration Judge ("IJ") Michael Neal and was denied release because Petitioner was a flight risk. (ECF No. 4 at 1; ECF No. 4-1 at 1.)

On January 6, 2026, Petitioner submitted his Request. (ECF No. 5.) On January 7, 2026, the Court ordered:

> TEXT ORDER: This matter is before the Court on Petitioner's submission of a status report claiming that the IJ's bond hearing was fundamentally unfair under the Due Process Clause and *Ghanem v. Warden Essex County Correctional Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). (ECF No. 5.) Petitioner asks the Court to order his immediate release or direct Respondents to provide Petitioner with another bond hearing before an IJ, which complies with the Due Process Clause. (*Id.* at 2.) Within three (3) days of the date of entry of this Text Order, Respondents shall: (1) file a response to Petitioner's status update; and (2) submit any record of the bond hearing, including any audio recording or transcripts, and any documents reflecting the factual and/or legal bases for the IJ's decision to deny bond. Failure to comply with this Court's Order shall result in an order of immediate release without further notice. So Ordered by Judge Georgette Castner on 1/7/2026. (jmh) (Entered: 01/07/2026)

(ECF No. 6.)

Respondents filed their response (Response) on January 10, 2026. (ECF No. 7.) With their Response, Respondents submitted to the Court (and served on Petitioner) an audio recording (Recording) of the bond hearing, which the Court has reviewed.

This Court does not have jurisdiction to review an IJ's discretionary decision to grant or deny bond; however, it may review whether a bond hearing was fundamentally unfair and thus violated the Due Process Clause of the Fifth Amendment. *See, e.g., Ghanem*, 2022 WL 574624, at *2. "In a fundamentally fair bond hearing, due process has three essential elements. 'An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'" *Id.* (alteration in original) (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)).

3

In his Request, Petitioner asserts that the bond hearing was fundamentally unfair because, "when Counsel for the Petitioner requested an opportunity to question the Petitioner regarding concerns related to flight risk, the [IJ] refused to allow the Petitioner to testify at his own bond hearing." (ECF No. 5 at 1.) According to the Request, the IJ "limited his and Counsel's ability to develop the factual record" and "to rebut the sole basis for the flight-risk finding, an unspecified and alleged assertion by Assistant Chief Counsel for the [DHS] that the Petitioner constitutes a flight risk due to a failed attempt to upload a photograph of himself from his cell phone due to technical difficulties." (ECF No. 5 at 1-2.) The Court agrees with Petitioner that the hearing did not satisfy the requirements for a fair hearing under *Ghanem* and the Due Process Clause.

According to Respondents, IJ Neal concluded that Petitioner failed to satisfy his burden of demonstrating he was not a flight risk "based on Petitioner's multiple, unexplained alternative-to-detention ('ADR') violations." (ECF No. 7 at 3 (citing ECF No. 7-2 ("I-213 Record of Deportable/Inadmissible Alien") at 2).) In making this finding, the IJ relied solely on the December 21, 2025 I-213 Record of Deportable/Inadmissible Alien, which stated that Petitioner was arrested at the "MLN ERO Office, without incident, for multiple ATD violations." (ECF No. 7-2 at 2.) However, after DHS counsel asserted at the bond hearing that the I-213 Record of Deportable/Inadmissible Alien stated that Petitioner repeatedly violated the conditions of his release, Petitioner's counsel responded, "that is new to me," and requested permission to question Petitioner about the ADR violations. (*See* ECF No. 5 at 1-2; ECF No. 7 at 3; Recording at 8:09-10.) IJ Neal refused to allow Petitioner to testify regarding his alleged supervised release violations because counsel should have previously provided this evidence to the immigration court and noted that he can file another motion if there are materially changed circumstances. (*See* ECF No. 7 at 3.)

4

Petitioner was denied a fundamentally fair hearing because the IJ prevented Petitioner from testifying at his bond hearing to respond to the assertion in a DHS document indicating that he committed ATD violations. *See Barberan Carrion v. Field Office Dir. of Immigr. & Customs Enf't*, No. 26-0004, 2026 WL 735195, at *2 (D.N.J. Mar. 16, 2026) ("A detainee cannot be required to carry a burden of proof while simultaneously being denied the opportunity to present the evidence necessary to meet it."). In addition, it is undisputed that Petitioner otherwise presented substantial evidence in support of his request for release on bond (*e.g.*, he was paroled into the United States on humanitarian grounds, holds valid work authorization, has stable employment, is married with two young children enrolled in school, has resided in the same community for over three years, has paid taxes for three years on a combined household income of approximately $75,000, filed a timely asylum application, was detained at a routine ICE check-in, submitted numerous community support letters, and presented a U.S. citizen medical doctor as a bond sponsor). (*See* ECF No. 5 at 2.) In fact, IJ Neal acknowledged that he was strongly considering granting Petitioner release on bond before DHS counsel raised the issue of alleged ATD violations. (*See* Recording at 7:44-55.)

"Because the [bond hearing] did not provide the constitutionally required process and failed to satisfy this Court's [December 24, 2025 Text Order]," *Barberan Carrion*, 2026 WL 735195, at *3, the Court declines to order a second bond hearing and instead concludes that the appropriate relief is immediate release from immigration detention.

**IT IS**, therefore, on this 16th day of April 2026, **ORDERED** as follows:

1. Petitioner's Request (ECF No. 1) is **GRANTED**.

2. Within twenty-four (24) hours of the time of entry of this Memorandum and Order, Respondents **SHALL RELEASE** Petitioner from immigration detention, subject to the

prior terms of supervision, if any, in effect at the time he was detained, and provide written notice to the Court of Petitioner's release from custody.

3.  The Clerk of the Court shall **CLOSE** this case.

**GEORGETTE CASTNER**
**United States District Judge**